**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **FRANK MORGAN,** ) | |
| **#C15189X,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case No. 19-cv-00209-NJR** |
| ) | |
| **JACQUELINE LASHBROOK,** ) | |
| ) | |
| **Respondent.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Frank Morgan, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief based on a claim of denial of procedural due process in a disciplinary hearing that resulted in disciplinary segregation. He alleges violations in the disciplinary process regarding adjustment committee requirements, the use of unauthorized forms, and a refusal to call his witnesses. He also alleges the adjustment committee's final summary is deceptive. He asserts his rights were violated and he is "entitled to an extraordinary writ by this Court to prevent further obstruction of justice, by the order of prohibitory injunction." He asks the Court to examine the facts and the record and render justice.

This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Morgan's habeas claim alleging administrative procedure and due process violations in a disciplinary proceeding must be dismissed at the gate.[1] Punishments affecting the duration of custody must be challenged under Section 2254, while punishments affecting the severity of custody must be challenged under Section 1983. *Montgomery v. Anderson*, 262 F.3d 641, 643–44 (7th Cir. 2001). Disciplinary segregation falls into the severity column and, therefore, "must be challenged under [Section] 1983, in the uncommon circumstances when it can be challenged at all." *Id.*; *see also Temple v. Davis*, 84 F. App'x 642, 645 (7th Cir. 2003) ("Because disciplinary segregation affects the severity rather than the duration of custody, [the prisoner] could not challenge that conviction under [Section] 2254." Accordingly, Morgan's habeas claim concerning the imposition of disciplinary segregation is dismissed without prejudice.

In dismissing Morgan's claim, the Court states no opinion on the claim's ultimate merit. Morgan is free to re-file this claim as a separate claim under 28 U.S.C. § 1983 if he wishes. If he does so, Morgan is warned that any Section 1983 claim would be subject to the normal rules and consequences attendant to Section 1983 litigation, including a higher filing fee and a general prohibition against the filing of frivolous claims.[2]

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** without prejudice.

---

[1] The Adjustment Committee Final Summary Report attached to the Petition reveals that Morgan suffered no deprivation of good conduct credits as to the disciplinary hearing at issue. (Doc. 1, pp. 7-8).

[2] The Court notes that Morgan has received three strikes and is not eligible to proceed *in forma pauperis* in a Section 1983 action unless he can demonstrate that he faces imminent danger of serious physical injury. *See Morgan v. DeTella, et al.*, No. 97-C-1632 (N.D. Ill. dismissed April 11, 1997); *Morgan v. Phoenix, et al.*, No. 01-cv-0025 (S.D. Ill. dismissed January 29, 2003); *Morgan v. Spiller*, No. 09-cv-161 (S.D. Ill. dismissed December 7, 2009); and *Morgan v. Baldwin, et al.*, No. 17-cv-730-DRH (S.D. Ill. dismissed July 25, 2017); *see also Morgan v. Rauner*, No. 18-cv-1206-SMY (S.D. Ill. dismissed August 1, 2018).

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Petitioner will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 29, 2019**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**