# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANK MORGAN, # C15189,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 19-cv-209-NJR |
| ) | |
| **JACQUELINE LASHBROOK,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Frank Morgan's Petition for habeas corpus relief under 28 U.S.C. § 2254 was dismissed without prejudice on April 29, 2019 (Doc. 13). Morgan alleged that he had been denied due process in a prison disciplinary action. Because his punishment did not include any revocation of good conduct credits and thus did not affect the length of his incarceration, the Court dismissed his Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts. Morgan appealed (Doc. 15), but his appeal was dismissed for failure to file the required Docketing Statement. (Doc. 22).

Morgan has now submitted a letter to the Court dated March 4, 2021 (Doc. 23). Among other matters, Morgan insists that he was denied due process in the disciplinary action that prompted his habeas corpus Petition and that this case should not have been dismissed. Morgan is wrong, as explained in the Order dismissing this case (Doc. 13). Further, Morgan failed to properly pursue his appeal, where he could have sought review of this Court's decision. He presents no basis for the Court to alter its conclusion that

dismissal of the Petition was warranted. The disposition of this case is final.

Morgan also raises several complaints unrelated to his dismissed habeas corpus case: he has been harassed and discriminated against by prison officials, his grievances have been circumvented, he has been denied commissary privileges, he has been overcharged for court fee payments, and he is being wrongly charged for restitution related to a funeral furlough. (Doc. 23). These issues relate to Morgan's conditions of confinement and cannot be remedied in the context of habeas corpus. As the Court advised in the order dismissing this case, Morgan may seek redress in a civil rights action under 42 U.S.C. § 1983 if conditions of his confinement violate his constitutional rights, subject to the limitations imposed in 28 U.S.C. § 1915(g) for a prisoner like himself who has incurred three "strikes." (Doc. 13, p. 2). The Court expresses no opinion on the merits of these potential claims.

Morgan shall note that the deductions for court filing fees which exceed 20% of his income may be explained by the fact that he has filed four cases in this District which were dismissed. (Doc. 13, p. 2). Prisoners are required to pay the entire filing fee for each civil case, 28 U.S.C. § 1915(b)(1), and these fees cumulate for each additional action or appeal. "Otherwise a prisoner could file multiple suits for the price of one . . . ." *Newlin v. Helman,* 123 F.3d 429, 436 (7th Cir. 1997), *overruled in part on other grounds by Lee v. Clinton,* 209 F.3d 1025 (7th Cir. 2000), *and Walker v. O'Brien,* 216 F.3d 626 (7th Cir. 2000). *See also Bruce v. Samuels*, 577 U.S. 82, 88-90 (2016) (confirming *Newlin* approach of assessing 20% for each case filed). Such deductions will continue until the balance owed for one or more of Morgan's cases is paid in full.

Finally, if Morgan disputes Trust Fund Office charges for matters other than court filing fees, he may be able to seek redress in the Illinois Court of Claims.

Morgan's implied request for the Court to reconsider the dismissal of his case (Doc. 23) is **DENIED.** This action remains **DISMISSED** without prejudice, and the Court will take no further action in response to the letter at Doc. 23.

**IT IS SO ORDERED.**

DATED: March 8, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**